IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MANUEL A. CHICO, #M15445,

        Plaintiff,

vs.   Case No. 14-cv-00249-DRH

S. A. GODINEZ,

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Manuel Chico, who is currently incarcerated in Centralia Correctional Center ("Centralia"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Docs. 1, 5). He is currently serving a one-year sentence for theft and a two-year sentence for criminal damage to state property. Petitioner has filed two habeas petitions, including his original petition on February 20, 2014 (Doc. 1) and an amended petition on March 14, 2014 (Doc. 5). In both, Petitioner makes it clear that he is not challenging his conviction or sentence in the present action (Doc. 1, p. 1; Doc. 5, p. 1). Rather, he seeks immediate release from prison and an expungement of his criminal record as compensation for numerous constitutional deprivations he has allegedly endured at Centralia (Doc.

1, p. 18; Doc. 5, p. 26). Petitioner has also filed a civil rights action pursuant to 42 U.S.C. § 1983 to address these same constitutional deprivations. *See Chico v. Gaetz, et al.*, 14-cv-53-MJR (S.D. Ill. Jan. 15, 2014). That action is currently pending.

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, the Court concludes that petitioner's Eighth Amendment claims must be pursued under 42 U.S.C. § 1983. Petitioner is not entitled to relief under 28 U.S.C. § 2254. Accordingly, the petition shall be **DISMISSED**.

## I. Habeas Petition

Petitioner is not challenging his conviction or his sentence in this action (Doc. 1, p. 1; Doc. 5, p. 1). He instead seeks immediate release from prison and an expungement of his criminal record as compensation for several Eighth Amendment violations he claims he has endured at Centralia (Doc. 1, p. 18; Doc. 5, p. 26). Petitioner claims that Centralia officials failed to protect him from an inmate assault (Doc. 1, p. 8; Doc. 5, pp. 8-12). He also claims that Centralia officials "placed [him] in [an] unhealthy and medically risk[y] situation" (Doc. 1, p.

11; Doc. 5, pp. 13-18). Finally, petitioner claims that the prison is overcrowded and poses [a] substantial risk of serious harm to him (Doc. 1, p. 13; Doc. 5, pp. 19-22).

## II. Discussion

At the outset, this Court must independently evaluate the substance of petitioner's claim to determine if the correct statute - in this case 42 U.S.C. § 1983 or 28 U.S.C. § 2254 - is being invoked. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If the prisoner is instead challenging the conditions of his confinement, he must do so in an action under 42 U.S.C. § 1983 or another federal statute, but not a petition for habeas corpus. *Williams-Bey v. Buss*, 270 Fed. App'x 437, *1 (7th Cir. 2008) (citing *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000)). Typically, this occurs when a prisoner "is seeking a different program or location or environment." *Graham*, 922 F.2d at 381; *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Under such

circumstances, the prisoner is said to be challenging the conditions rather than the fact of confinement, and his remedy is under civil rights law. *Id.*

Here, the substance of petitioner's claims quite obviously relate to the conditions of his confinement and his medical needs. Such claims are firmly rooted in the Eighth Amendment and are properly pursued in a civil rights action brought pursuant to 42 U.S.C. § 1983. Petitioner has already filed a civil rights action to address each of these claims, and the action is now pending. *Chico v. Gaetz, et al.*, 14-cv-53-MJR (S.D. Ill. Jan. 15, 2014). Although the Court dismissed petitioner's original complaint under the Federal Rules of Civil Procedure 8, the dismissal was without prejudice (Doc. 8). Petitioner was granted leave to file an amended complaint in order to correct the deficiencies noted. He has filed two amended complaints to date, and the Court, in the related action, will decide whether petitioner has cured the defects in his original pleading.

The fact that petitioner seeks immediate release from prison does not bring his claims within the ambit of 28 U.S.C. § 2254. He is not challenging the fact or duration of his confinement. Rather, he is challenging the conditions under which he is being held and the medical care he is, or is not, receiving. These claims fall squarely within the ambit of the Eighth Amendment and 42 U.S.C. § 1983. Further, this district court cannot grant the relief petitioner seeks - immediate release - based on the claims he has raised. *See Glaus v. Anderson*, 408 F.3d 382, 387-89 (7th Cir. 2005) (if a prisoner seeks a "quantum change in the level of

custody," such as release from prison, then a habeas petition is the appropriate vehicle; however, if release is actually unavailable, then a civil rights action is appropriate and the habeas petition must be dismissed on its merits, albeit without prejudice to pursuing a civil rights action).

While the Court could treat the habeas petition as a mislabeled civil rights suit, it is not necessary to do so. *See Graham*, 922 F.2d at 381-82. Petitioner's substantive claims are more appropriately addressed in the related action. *Chico v. Gaetz, et al.*, 14-cv-53-MJR (S.D. Ill. Jan. 15, 2014). That action preceded this one and is still pending. Accordingly, this petition shall be dismissed without prejudice to petitioner pursuing his claims in the related action.

### III. Pending Motion

Along with his § 2254 petition, petitioner submitted a letter (Doc. 2) requesting a copy of the § 2254 motion he filed in this action, in order to confirm that it was filed. The Court construes this request as a motion for copies, which is hereby **DENIED** as moot. As evidenced by this Order, the Court has received petitioner's § 2254 motion.

As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall

apply for reproducing any record or paper. The Clerk is directed to mail petitioner a copy of the docket sheet in this case. Should he desire copies of any documents from the court file, petitioner should request the document(s) by number and send the required prepayment.

## IV. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Amended Petition (Doc. 5) is **DISMISSED** without prejudice to petitioner pursuing these claims in an action under 42 U.S.C. § 1983.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline.

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons set forth above, the Court has determined that petitioner is not entitled to relief under 28 U.S.C. § 2254. His conditions of confinement claim should instead be pursued under 42 U.S.C. § 1983. The Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has

not made "a substantial showing of the denial of a constitutional right" that can be pursued in this action.

    **IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

    The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

    **IT IS SO ORDERED.**
Signed this 14th day of March, 2014.

Digitally signed by
David R. Herndon
Date: 2014.03.14
16:29:43 -05'00'

**Chief Judge**
**United States District Court**